CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

JAN 2 5 2007

JOHN F. CORCORAN, CLERK
BY: _____
        DEPUTY CLERK

| | | |
|---|---|---|
| WILLIE JEROME HENRY, | ) | |
| Petitioner, | ) | **Civil Action No. 7:07-cv-00036** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **By: Hon. Jackson L. Kiser** |
| Respondent. | ) | **Senior United States District Judge** |

Petitioner, Willie Jerome Henry, a federal inmate proceeding pro se, has submitted a petition that the court construes as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.

Defendant presented his petition for consideration as a Notice of Appeal under 18 U.S.C. § 3742. Under that section, a defendant may file a notice of appeal in the district court for review of an otherwise final sentence if, among other reasons, that sentence was imposed as a result of an incorrect application of the sentencing guidelines. 18 U.S.C. § 3742(a). However, in criminal cases, a defendant's notice of appeal must be filed in the district court within ten days after the later of either the entry of judgment or the order being appealed. Fed. R. App. Pro. 4(b)(1)(A). As Henry was sentenced on August 31, 1994, and he did not file an appeal from that judgment, it is clear that the instant notice, more than twelve years later, is untimely.

As Henry is not entitled to relief under 18 U.S.C. § 3742(a), I shall construe his petition as a § 2255 motion. However, court records indicate that petitioner has previously filed a § 2255 motion, Civil Action No. 7:99cv00627, regarding the same conviction and sentence.[1] Thus,

---

[1] Additionally, petitioner subsequently filed four successive § 2255 motions in this case, as well as an appeal of orders dismissing his Fed. R. Civ. P.60(b) motion for lack of jurisdiction and denying his Fed. R. Civ. P. 59(e) motion to reconsider, which the United States Court of Appeals for the Fourth Circuit dismissed, on July 6, 2005, as a successive 28 U.S.C. § 2255 motion.

petitioner's current § 2255 motion is a subsequent one, falling under the provisions of Title I of the

Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996).

Under these amendments, this court may consider a second or successive § 2255 motion only upon

specific certification from the United States Court of Appeals for the Fourth Circuit that the claims

in the motion meet certain criteria. See § 2255, ¶8. As petitioner has not submitted any evidence of

having obtained certification from the Court of Appeals to file a second or successive § 2255 motion,

I dismiss this petition.[2]

The Clerk is directed to send certified copies of this order to petitioner and to strike the case

from the active docket of the court.

**ENTER**: This 25th day of January, 2007.

Senior United States District Judge

---

[2] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.